UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JUAN MALDONADO,**

    **Plaintiff,**

                          CASE NO.:

vs.

**GOLDEN SAJ, LLC, d/b/a Days Inn,**

    **Defendant.** _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN MALDONADO, ("Plaintiff"), by and through the undersigned attorneys, sues the Defendant, GOLDEN SAJ, LLC, d/b/a Days Inn ("GOLDEN" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

3. At all times material hereto, Plaintiff was a resident of Osceola County, Florida.

4. Defendant, GOLDEN, conducts business in, Osceola County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5. Defendant, GOLDEN, a Florida Profit Corporation, is in the business of operating a hotel located at 4125 W. Vine Street, Kissimmee, Florida 34741.

6. Plaintiff was employed by Defendant as an hourly non-exempt "maintenance worker" from on or around August 2017 through August 2018.

## COVERAGE

7. At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

9. Based upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

10. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. plumbing supplies, tools, computers, and/or office supplies).

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

12. Defendant, GOLDEN, is a company classified as a hotel.

13. Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

14. Plaintiff was an employee of Defendant within the meaning of the FLSA.

15. Plaintiff was given the title of "maintenance worker" during his employment with Defendant.

16. Plaintiff performed maintenance duties for Defendant from on or around August 2017 through August 2018.

17. Throughout his employment, Plaintiff earned an hourly rate in exchange for work performed for Defendant.

18. Defendant initially paid Plaintiff with only cash.

19. After a period of two to three months, Defendant paid Plaintiff part of his weekly wages in cash and part in the form of a payroll check.

20. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendant.

21. Despite working more than forty (40) hours per week during one or more workweeks during the relevant time period (last three years), Defendant failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

22. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

23. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

24. Defendant had acted willfully in failing to pay Plaintiff in accordance with the law.

25. Defendant failed to maintain proper time records as mandated by law.

26. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

28. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

29. During the relevant time period (last three years) during his employment with Defendant, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

30. Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

31. Defendant had knowledge of the overtime hours worked by Plaintiff.

32. Defendant is aware of the laws which require its employees to be paid overtime compensation on a week by week basis.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

34. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek;

    b. Awarding Plaintiff liquidated damages in an amount equal to the

overtime award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 6th day of December, 2018.

_____
Kimberly De Arcangelis, Esquire
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 245-3383
Email: KimD@forthepeople.com
Attorneys for Plaintiff