# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JUAN MALDONADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.:  6:18-cv-2095-Orl-28DCI |
| v. ) | |
| ) | |
| GOLDEN SAJ, LLC, d/b/a Days Inn ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, JUAN MALDONADO and Defendant, GOLDEN SAJ, LLC, d/b/a Days Inn (Plaintiff and Defendant are collectively the "Parties"), by and through their undersigned counsel jointly request that this Court approve the Parties' settlement and dismiss the above captioned matter with prejudice.

## BACKGROUND

In the instant action, Plaintiff claims entitlement to unpaid overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Defendant disputes Plaintiff's claims.  In order to avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of this matter during mediation.  A copy of the Settlement Agreement is attached as Exhibit A.  The Parties now seek approval for the settlement from the Court.

1

**MEMORANDUM OF LAW**

I. **FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

   A. **The Settlement is Reasonable and Fair.**

Pursuant to the case law of this Circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores*,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

The Court should approve a FLSA settlement if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (i) the existence of fraud or collusion behind the settlement:
> (ii) the complexity, expense, and likely duration of the litigation;
> (iii) the stage of the proceedings and the amount of discovery completed;
> (iv) the probability of plaintiffs' success on the merits:
> (v) the range of possible recovery; and
> (vi) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). *See also Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066, at *4 (M.D. Fla. Apr. 12, 2006). The Court should apply the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3. *See also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

### B. The Relevant Criteria Support Final Approval of the Settlement.

#### i. There is no fraud or collusion behind the settlement.

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel. Defendant was represented by Mary E. Lytle, Esq. and David V. Barszcz, Esq. of Lytle and Barszcz. Plaintiff was represented by Kimberly De Arcangelis, Esq. of Morgan & Morgan P.A. All of the counsel involved have extensive experience litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights.

As discussed further below, the amounts to be paid to Plaintiff and his counsel are fair in light of the dispute over the merits of Plaintiff's claims, and the expense and uncertainty of continuing to litigate his claims.

3

    ii. <u>The complexity, expense, and length of future litigation support the reasonableness of this settlement.</u>

  The Parties continue to disagree over the merits of the claims asserted by Plaintiff. Plaintiff contends that he was not paid for all hours worked. Defendant contends that Plaintiff was paid for all compensable hours worked. Defendant further contends that even assuming *arguendo* Plaintiff worked any time that he was not paid for, such time was *de minimis*. If this case is litigated further, Plaintiff will bear the burden of proving that he performed work for which he was not properly compensated. *See Reyna v. Conagra Foods, Inc.,* No. 3:04-cv-39, 2006 U.S. Dist. LEXIS 89690, at *10 (M.D. Ga. 2006), *citing Anderson v. Mt. Clemens Pottery Co.,* 382 U.S. 680, 687, 66 S.Ct. 1187, 90 L. Ed. 1515 (1946).

  Defendant, in turn, will have to prove that it kept accurate records of Plaintiff's wages, hours, and other conditions and practices of employment, and that it paid him appropriate wages for any overtime hours worked. *See Jackson v. Corr. Corp. of Am.*, No. 14-11010, 2015 U.S. App. LEXIS 5193, at *16-17 (citing *Allen v. Bd, of Pub. Educ.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007)). Should this matter proceed, the Parties will bear the substantial expense of litigating these disputed issues. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

    iii. <u>There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.</u>

  The next factor the court should consider is the stage of the proceedings and the amount of discovery completed. The Parties have exchanged information regarding Plaintiff's hours worked and compensation, and the Parties' counsel have had additional discussions and exchange of information relating to the claims and defenses. In agreeing upon the proposed settlement, the Parties exchanged sufficient information to allow them to make an educated and informed analysis and conclusion.

    iv. <u>Plaintiff's probability of success on the merits is uncertain.</u>

  Plaintiff's probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate.  Plaintiff asserts that he worked certain hours per week, and that he was not compensated properly for these hours.  Meanwhile, Defendant contends that Plaintiff was compensated for all amounts to which he is entitled.  Defendant believes it can present credible evidence that Plaintiff was not working for all of the time he claimed to be working,

    v. <u>Plaintiff's range of possible recovery is uncertain.</u>

  Even if Plaintiff prevails, his range of recovery is uncertain.  The Parties disagree over basic factual allegations pertaining to and the number of hours Plaintiff worked.  Defendant also contends that, assuming *arguendo*, Plaintiff performed any work, for which he was not paid, which Defendant denies, it was *de minimis*.  In light of the uncertainty of the amounts, if any, Plaintiff would recover if he were to continue litigating his claims, the Court should find that the settlement is fair and reasonable.

    vi. <u>The Parties weighed the opinions of counsel in deciding whether to settle.</u>

  Finally, all Parties were represented by counsel who have experience litigating FLSA claims.  The Parties weighed the opinions of their counsel in deciding whether to settle.  Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a bona fide dispute.

  **C.** **The "Compromise" of Plaintiff's FLSA Claim is Reasonable.**

  There is a *bona fide* issue as to whether Plaintiff worked the number of hours he is claiming.  The settlement is a fair resolution of a *bona fide* dispute because both Parties risk the possibility that the Court or a jury would find against them should this matter proceed to trial.

5

Additionally, Plaintiff did not unfairly "compromise" his claim. In Plaintiff's damage calculations discussed between the parties after exchanging documents and information related to the allegations, he asserted that he was owed up to $992.25, which is comprised of $496.13 in back wages and an equal amount in liquidated damages. In the settlement Plaintiff receives the total amount of $500.00:   $250.00 in back pay and an equal amount in liquidated damages. Thus, the settlement amount represents a reasonable compromise by the Parties in the interest of mutual avoidance of the inherent risk involved in pursuing litigation.

D. **The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). The attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel, were negotiated separately from and without regard to the settlement sums being paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the

6

reasonableness of the fee to be paid to plaintiff's counsel."). The attorney's fees and costs negotiated separately in this matter are fair and reasonable.

## CONCLUSION

As demonstrated above, the settlement terms are fair, reasonable and adequate. The Parties' FLSA settlement does not include a general release, confidentiality provision or non-disparagement provision. Thus, the Parties hereby jointly stipulate that the case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a), upon approval of the settlement by the Court as requested above, and for the Court to retain jurisdiction in order to enforce the terms of the settlement agreement if needed.

WHEREFORE, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this motion and the attached settlement agreement; and (iii) GRANT such further relief as the Court deems appropriate.

Dated this 3rd day of April, 2019.

| | |
|---|---|
| */s/Mary E. Lytle* | */s/ Kimberly De Arcangelis* |
| Mary E. Lytle | Kimberly De Arcangelis |
| Florida Bar No. 0007950 | Florida Bar No. 0025871 |
| David Barszcz | Morgan & Morgan P.A., |
| Florida Bar No. 0750581 | 20 N. Orange Ave., |
| Lytle & Barszcz | 14th Floor, Orlando, FL 32801 |
| 543 N. Wymore Road, Suite 103 | Facsimile: (407) 245-3383 |
| Maitland, FL 32751 | kimd@forthepeople.com |
| Telephone: (407) 622-6544 | |
| Facsimile: (407) 622-6545 | Attorney for Plaintiff |
| mlytle@lblaw.attorney | |
| dbarszcz@lblaw.attorney | |
| | |
| Attorneys for Defendant | |