UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN MALDONADO,

    Plaintiff,

v.                                    CASE NO. 6:18-cv-2095-Orl-28DCI

GOLDEN SAJ, LLC, d/b/a Days Inn,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. §201, et seq. ("FLSA")

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT ("Agreement") is made by and between JUAN MALDONADO ("Plaintiff") and GOLDEN SAJ, LLC ("Defendant") as follows:

WHEREAS, Plaintiff through the above-referenced case alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act ("FLSA").

WHEREAS, Defendant denies liability and/or any other wrongdoing with respect to Plaintiff;

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

1

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FLSA CLAIMS.**

    a. This Agreement shall constitute a release of all claims Plaintiff might have under the FLSA against Defendant.

    b. Upon execution of this Agreement, the parties shall immediately file a Joint Motion for Approval of Settlement and Dismissal of this case, with prejudice.

    c. Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendant, its owners, officers, directors, shareholders, members, employees, agents, insurers, parent corporations, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, owners, officers, employees, agents, insurers and assigns, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of the execution of this Agreement.

    d. **Medicare Secondary Payer.** Maldonado affirms that as of the date he signs this Agreement, he is not Medicare eligible (i.e., is not is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Maldonado under this settlement, Maldonado agrees to (i) indemnify, defend and hold Releasees harmless from any action by CMS relating to medical expenses of Maldonado, (ii) reasonably cooperate with Releasees upon

request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which Maldonado is required to indemnify Releasees under this paragraph, and (iii) waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

3. **SETTLEMENT SUMMARY**.

    a. If the parties receive an Order from the Court approving this settlement and dismissing this case, *with prejudice*, then, within 10 days of the latter of the Court's dismissal, Defendant will pay to Plaintiff the total sum of $3,000.00 paid as described below:

- $250.00, made payable to JUAN MALDONADO, as and for overtime compensation allegedly due JUAN MALDONADO pursuant to the FLSA; which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to JUAN MALDONADO;

- $250.00, made payable to JUAN MALDONADO, as and for liquidated damages allegedly due JUAN MALDONADO pursuant to the FLSA, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to JUAN MALDONADO; and

- $2,500.00, made payable to MORGAN & MORGAN, P.A., as attorneys' fees and costs incurred in connection with JUAN MALDONADO'S claims under the FLSA and for which separate IRS Forms 1099 shall issue to MORGAN & MORGAN, P.A. and JUAN MALDONADO.

Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of FLSA claims contained herein, and his fulfillment of the promises contained herein.

    b. Defendant makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid by him with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold Defendant harmless from any interest, taxes or penalties assessed against it by any

3

governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or his attorney under the terms of this Agreement.

4. **AFFIRMATIONS**. Plaintiff affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all wages, overtime compensation and liquidated damages. He also affirms that he has been paid and/or will have received pursuant to the payment herein, all attorneys' fees and costs in connection with this action.

5. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees.

6. **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges that he is aware that he is giving up all FLSA claims he may have against the Releasees. Plaintiff acknowledges that he has been advised in writing to consult with an attorney, has had the opportunity to seek legal advice before executing this Agreement, and, in fact, sought legal advice from his counsel, Kimberly De Arcangelis of Morgan & Morgan, before executing this Agreement. Plaintiff signs this Agreement voluntarily.

7. **WAIVER OF JURY TRIAL**. Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims for breach of this Agreement.

8. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language,

4

such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **VENUE AND GOVERNING LAW.** This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida, Orlando Division.

10. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the Plaintiff's FLSA claims asserted in this case. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

11. **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument.

13. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR

REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: MArch 25, 2019

_____
JUAN MALDONADO

_____
Witness

Date: 3/25/19

_____
Witness

Date: 3/25/19

Dated: 03/22, 2019

_____
GOLDEN SAJ, LLC
Name: BALENDRAN. K
Title: PRESIDENT/OWNER

6