# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUAN MALDONADO,**

        **Plaintiff,**

v.                                                       **Case No: 6:18-cv-2095-Orl-28DCI**

**GOLDEN SAJ, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**     **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE (Doc. 19)**
>
> **FILED:**      April 3, 2019
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part.**

### I. Background

Plaintiff filed this action pursuant to the Fair Labor Standards Act (FLSA) for unpaid overtime compensation. Doc. 1. The parties subsequently filed a Joint Notice of Settlement. Doc. 17. Pending before the Court is the Parties' Joint Motion for Approval of Settlement and Motion to Dismiss the Case, to which the settlement agreement is attached. Docs. 19 (the Motion); 19-1 (the Agreement). The parties state that they have exchanged information regarding the hours Plaintiff worked and his compensation and have settled the case during mediation in order to avoid the costs and uncertainty of litigation. Doc. 19 at 1, 4.

The parties assert that there is a *bona fide* issue as to whether Plaintiff worked the number of hours he is claiming, and the Agreement represents a fair and reasonable resolution of Plaintiff's FLSA claims. *Id*. at 5. The parties request that the Court grant the Motion, dismiss the case with prejudice, and retain jurisdiction in order to enforce the terms of the settlement agreement. *Id*. at 7.

**II.   Law**

In *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer and under section 216(b) to recover back wages for FLSA violations. When employees bring a private action or back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Since the parties have submitted a motion, the Court must scrutinize the attached Agreement to determine if it is a fair and reasonable resolution of a bona fide dispute. *See id*. at 1354-55. In determining whether the Agreement is fair and reasonable, the Court should consider the following factors:

> (1) The existence of collusion behind the settlement;
> (2) The complexity, expense, and likely duration of the litigation;
> (3) The state of the proceedings and the amount of discovery completed;
> (4) The probability of plaintiff's success on the merits;
> (5) The range of possible recovery; and
> (6) The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[2] The parties may demonstrate the reasonableness of the fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.   Analysis**

    **A.  The Settlement.**

Plaintiff claims that Defendant failed to pay him overtime compensation during one or more workweeks. Doc. 1. To the contrary, it is Defendant's position that Plaintiff was compensated for "all amounts to which he is entitled." Doc. 16 at 5. This case, therefore, involves a bona fide disputed issue of liability under the FLSA.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

In the Motion, the parties state that the relevant criteria support a final approval of the settlement. Doc. 19 at 3. Specifically, Plaintiff was represented by experienced counsel during the litigation; the parties continue to disagree over the merits of the claims; and there was sufficient investigation and exchange of information to allow the parties to make educated decisions. *Id*. at 3-4. The parties agree that Plaintiff's probability of success on the merits was uncertain and that they weighed the opinions of their counsel in deciding whether to settle. Doc. 19 at 5. The Motion provides that Defendant believes that it can present credible evidence that Plaintiff was not working for all of the time he claimed to be working. *Id*. The parties state that the range of possible recovery is uncertain, and assuming *arguendo* Plaintiff performed any work for which he was not paid, it is Defendant's position that it was *de minimus*. *Id*.

Further, the parties provide that the compromise was reasonable. The parties state that Plaintiff asserted that he was owed "$992.25, which was comprised of $496.13 in back wages and an equal amount in liquidated damages." *Id*. at 6. Pursuant to the settlement, Plaintiff will receive $250.00 in back pay and an equal amount in liquidated damages. *Id*.; Doc. 19-1. The parties state that this amount "represents a reasonable compromise by the parties in the interest of mutual avoidance of the inherent risk involved in pursuing litigation." Doc. 19 at 6.

The undersigned finds that this is a fair and reasonable resolution of Plaintiff's FLSA claim. The parties exchanged information and, with the assistance of counsel, ultimately agreed to settle the matter during mediation to avoid the costs and risks of litigation. Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $2,500.00 in attorney fees and costs for representing Plaintiff in this case. Doc. 19-1. The parties state that the attorney fees and costs were "negotiated separately from and without regard to the settlement sums being paid to Plaintiff." Doc. 19 at 6. The parties' representation adequately establishes the reasonableness of the fees under the agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the undersigned **RECOMMENDS** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### C. The Other Terms of the Agreement

Plaintiff has agreed to release all claims against Defendant under the FLSA. Doc. 19-1. The limited scope of the release allays any concern that Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the claims at issue in this case. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Further, the Agreement does not contain any other provisions that are often found to undermine the fairness and reasonableness of an FLSA settlement, i.e., confidentiality and non-disparagement provisions. *See* Doc. 19-1. Thus, the undersigned **RECOMMENDS** that the Court find that none of the other terms of the Agreement affect the overall fairness and reasonableness of the settlement.

### D. Retaining Jurisdiction

The parties request that the Court retain jurisdiction to enforce the terms of the settlement. Doc. 19 at 7. Courts in this District routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement. *See, e.g., Correa v. Goldblatt*, Case No. 6:10-cv-1656-Orl-28DAB, 2011 U.S. Dist. LEXIS 114362, 2011 WL 4596224, at *3 (M.D. Fla. Sept. 9, 2011) (denying

request to retain jurisdiction to enforce terms of FLSA settlement agreement due to the absence of any compelling reason to retain jurisdiction) *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 114361, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, Case No. 2:11-cv-65-FtM-29DNF, 2011 U.S. Dist. LEXIS 69653, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011) (denying request to retain jurisdiction to enforce terms of FLSA settlement agreement due to parties failure to present arguments or reasons in support of retaining jurisdiction) *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 69651, 2011 WL 2580459 (M.D. Fla. June 29, 2011). The parties provided no argument in support of their request that the Court retain jurisdiction, *see* Doc. 19, and the undersigned finds no compelling reason for the Court to retain jurisdiction to enforce the terms of the settlement. Therefore, it is **RECOMMENDED** that the Court deny the parties' request to retain jurisdiction to enforce the terms of the settlement.

### IV.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 19) be **GRANTED** to the extent that the Court find the Agreement (Doc. 19-1) is a reasonable settlement of Plaintiff's FLSA claims;
2. The Motion (Doc. 19) be **DENIED** in all other respects;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

      Recommended in Orlando, Florida on June 14, 2019.

                                        DANIEL C. IRICK
                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy